## SUPREME COURT.

### Brown agt. Orvis.

The general rule in pleading a defence, in an action of *slander* or *libel* before the Code, was that the matter alleged in the (plea or) answer must be such as constituted a complete defence to so much of the (declaration or) complaint as it professed to answer. The Code (§ 165) has made one exception only to this rule, that is in case *justification* is pleaded and *not otherwise, mitigating circumstances* may be alleged. So that in case of failure in making out a justification, the mitigating circumstances may nevertheless be proved. (*The doctrine of the case of* Graham agt. Stone, *ante page* 15, *fully approved*). But allegations in an answer which would not be allowed to be proved, even in mitigation of damages, should be stricken out as irrelevant.

A charge of dishonesty in the capacity of a merchant's clerk, is of itself actionable.

*Motion to strike out irrelevant matter.* The action is for slander. The plaintiff alleges that, being a clerk for the mercantile firm of Newcomb & Warren in the city of Troy, the defendant spoke and published of him and of and concerning him, as such clerk, the following false and scandalous words: " He is dishonest and is not to be trusted about the store. He has taken things, while a clerk for Newcomb & Warren, and has not accounted for them. He has taken two barrels of Newcomb & Warren's oil and sold them and got the money and put it in his pocket and rendered no account for them."

The complaint states three other causes of action, each substantially the same, and to the effect that the defendant had said that the plaintiff had been caught stealing oil.

The defendant in his answer, first denies each and every allegation in the complaint. He then states, in respect to the first cause of action stated in the complaint, that the plaintiff while a clerk for Newcomb & Warren, did take two barrels of their oil, sell the same, and that he received the money therefor and put the same in his pocket, and did not render any account thereof. This part of the answer the plaintiff moves to strike out.

The defendant then proceeds to state that upon taking an inventory of the goods in Newcomb & Warren's store for the purpose of a sale, it was discovered that the plaintiff had sold two bar-

rels of oil, and received the money for the same without account-ing for it; and that upon being charged therewith he admitted that he had so done. It is also stated that in making the inven-tory, the plaintiff had fraudulently inserted therein a large quantity of black lead (an unsaleable article) belonging to himself; that about the same time he had taken from the store a quantity of gin, without charging it to himself, or rendering any account therefor; that the goods contained in the inventory made by the plaintiff fell short of the amount stated in the inventory, about $100. Various other allegations of misconduct on the part of the plaintiff are set forth in the answer, none of which have any reference to the allegations in the complaint. All this part of the answer the plaintiff moves to strike out as irrelevant.

J. PIERSON, *for Plaintiff.*

H. P. HUNT, *for Defendant.*

HARRIS, Justice.—In Graham vs· Stone (6 *Howard*, 15), Mr. Justice JOHNSON, in an exceedingly well considered opinion, has stated the true rule applicable to the pleading of matter in mitigation of damages in an action for libel or slander. The general rule is now as it was before the adoption of the Code, that matter alleged in an answer must be such as constitutes a complete defence to so much of the complaint as it professes to answer. To this rule the 165th section of the Code has made one exception. Where the defendant insists, in an action for libel or slander, that what he is alleged to have written or spoken, or some part thereof is true, he may, in connexion therewith, *and not otherwise,* allege mitigating circumstances, so that in case, upon the trial, he should fail in proving his justification, he may not be prevented as he would have been under the former practice, from giving evidence to reduce the damages. When there is no justification, the Code has made no change in the rules applicable to the pleading or proving of mitigating circum-stances.

In this case, the defendant has alleged matter which he claims to be a justification of the charge in the first cause of action stated by the plaintiff. Whether or not it amounts to a justification, is not for me to decide upon this motion. If the plaintiff thinks

the matter so alleged does not constitute a justification he may demur and thus have its sufficiency determined.   Upon the principles to which I have referred, the matter in mitigation would abide the fate of the justification, upon demurrer; for, as we have seen, it can only stand, as a pleading, when connected with matter of justification.

Assuming, then, for the purpose of this motion, that the defendant has alleged matter which justifies the charge stated in the first cause of action, it follows that so far as he has alleged, in mitigation of damages, facts which it would, under the rules applicable to that subject, be competent to prove, for that purpose, upon the trial, the answer is authorized by the present rules of pleading.   If the answer contains any thing more, it ought not to be there, and should be stricken out.

The cause of action to which this part of the answer is intended to be applied, consists in a general charge of his dishonesty, in connexion with particulars, which may or may not be construed to impute to the plaintiff a criminal offence.   The charge of dishonesty, being made against the plaintiff in his capacity of a merchant's clerk, is itself actionable.   In respect to this charge alone, therefore, it is competent, by way of mitigation, if not justification, to show any facts which tend to furnish a ground for making the charge.   For this purpose, I think the defendant might properly allege, and, if he can, prove the various dishonest facts set forth in his answer; such as the sale of two barrels of oil without accounting for the proceeds—the taking of five gallons of gin for his own use, without making any entry thereof, or accounting for it; and the attempt to impose upon the purchasers of his employers' stock of goods his own unsaleable property, as constituting a part of the stock.

But there are other allegations in the answer which the defendant would not be allowed to prove, even in mitigation of damages.   They may show, and if true, they do show that the plaintiff had been guilty of improprieties and was unworthy of his situation, but they have no proper connexion with the charges which are the subject of this action.   Of this description are the allegations that the inventory taken by the plaintiff fell short in weight and value; that the plaintiff improperly withheld the

NEW-YORK PRACTICE REPORTS. 379

recipes belonging to the store; that he adulterated medicines and attempted to divert customers from the store in which he was employed to other rival establishments. These are facts which the defendant would not be allowed to prove, and, of course, they ought not to be alleged in the answer. That part of the answer, therefore, which embraces these allegations, beginning with the words " said Cook abandoned," in the 7th folio, must be struck out. As to the residue of the matter included in the motion, it must be denied. Neither party having succeeded wholly, neither party is entitled to costs.